| | | | |
|---|---|---|---|
| Case No. | CV 18-6310 FMO (FFMx) | Date | August 30, 2018 |
| Title | Fred Martin Wimberley v. Bonnie Pritzkau, et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | | Attorney Present for Defendants: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Remanding Action

On or about June 5, 2018, pro se plaintiff Fred Martin Wimberley ("Wimberley" or "plaintiff") filed a Complaint in the Los Angeles County Superior Court against Bonnie Pritzkau ("Pritzkau" or "defendant"), asserting state-law claims for: (1) "Credit Card Fraud"; (2) "Fraud By Inducement"; (3) "Identity Theft"; and (4) "Civil Harassment[.]" (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-1 (Complaint) at ECF 7). On July 20, 2018, defendant removed the instant action on federal question jurisdiction grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Dkt. 1, NOR at ¶ 3). Having reviewed the NOR and attached state court complaint, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342, n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6310 FMO (FFMx) | Date | August 30, 2018 |
|---|---|---|---|
| Title | Fred Martin Wimberley v. Bonnie Pritzkau, et al. | | |

doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) ("[A] district court may remand an action . . . where the court finds that it lacks subject matter jurisdiction (either by motion or sua sponte).").

## DISCUSSION

Based on the court's review of the NOR and the attached Complaint, the court finds that it lacks subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying federal question jurisdiction, and therefore removal was improper. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).[2] District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc., 482 U.S. at 392, 107 S.Ct. at 2429). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

[2] Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6310 FMO (FFMx) | Date | August 30, 2018 |
|---|---|---|---|
| Title | Fred Martin Wimberley v. Bonnie Pritzkau, et al. | | |

claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'l Quality of Mont., 213 F.3d 1108, 1114 (9th Cir. 2000).  The existence of a federal defense is not enough to justify removal to federal court.  See Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis in original).

Defendant claims that federal question jurisdiction exists because the Complaint "purports to assert a claim" under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et. seq. (Dkt. 1, NOR at ¶ 10).  According to defendant, plaintiff's allegation that "[his] name is Derogatory all the way to August 31st, 2022 with TransUnion LLC Credit Card Company on account of the defendant [sic] fault," (id.) (quoting Dkt. 1-1, Complaint at ECF 7) (internal quotation marks omitted) (emphasis in original)), is sufficient to allege a claim under the FCRA.  (See id.).

Plaintiff's Complaint is vague and conclusory, and it is difficult to ascertain what claims plaintiff is asserting against defendant.  In plaintiff's own words, he is alleging "1. Credit Card Fraud.  2. Fraud By Inducement.  3. Identity Theft. 4. Civil[] Harass[ment.]"  (See id. at ECF 31; id., Declaration of Plaintiff ("Pl Decl.") at ECF 33).  However, plaintiff's Complaint references neither the FCRA nor any other federal statute, (see, generally, Dkt. 1, NOR; Dkt. 1-1, Complaint), and the statement defendant relies upon for removal is simply insufficient to establish that "a federal question [has been] presented on the face of the plaintiff's properly pleaded complaint." Smallwood, 660 F.3d at 1120.  In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met her burden.  Therefore, there is no basis for federal question jurisdiction.  See 28 U.S.C. § 1331.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer      vdr